IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MANUEL RODRIGUEZ,
#A070766210                                                                              PLAINTIFF

v.                                       5:09CV00061BSM/HLJ

TINA BUCHANNA                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

>   Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on the defendant's motion to dismiss the complaint, as barred by the statute of limitations (DE #15). Plaintiff filed a response to the motion (DE #20). By Order dated June 18, 2009, this Court directed the parties to file additional briefs addressing the application of the statute's tolling provisions to the particular aspects of this case. The parties each submitted briefs in response (DE ##23, 26). The Court further directed, by Order dated August 11, 2009, that defendant's motion would be construed as one for summary judgment, and invited the parties to submit any additional evidence or exhibits in support of their respective positions. Plaintiff subsequently filed a response to that Order (DE #36).

Plaintiff is a former inmate of the Arkansas Department of Correction (ADC), who is

presently incarcerated at the LaSalle Detention Facility in Trout, Louisiana. He filed this action pursuant to 42 U.S.C. § 1983 against defendant Buchanna, alleging excessive force by her during an incident which occurred at the Varner Super Max Unit on November 17, 2004. Specifically, plaintiff alleges while in the shower area he was masturbating and defendant sprayed him with mace without just cause, resulting in injury to plaintiff.

In support of her motion to dismiss, defendant states plaintiff's allegation against her is barred by the statute of limitations. Defendant states that while § 1983 itself does not contain a limitations provision, actions filed pursuant to that statute are construed as personal injury claims and are governed by the personal injury statute in the state where the injury occurred, citing <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). In Arkansas, the personal injury statute of limitations period is three years. Ark. Code Ann. § 16-56-105(3). Defendant states such statute applies to § 1983 actions such as the present one. Since plaintiff did not file the present lawsuit until February, 2009, which is four and one-half years following the incident at issue, defendant states plaintiff's claim against her should be dismissed.

In his response, plaintiff states since a separate statute of limitations provision is not part of § 1983, this case should not be governed by a limitations period. In response to the Court's June 18, 2009 Order, plaintiff also states defendant prevented him from commencing any action or filing any grievance while he was incarcerated at the Varner Super Max Unit. Plaintiff also states he is suing defendant based on a state law negligence claim.

In her response, defendant notes that while plaintiff was incarcerated at the Varner

Super Max Unit, he filed eight grievances in 2005, forty-three grievances in 2006, and fifty grievances in 2007. Defendant supports these facts with an affidavit of C. Bennett, the Varner grievance officer. Based on these numbers, defendant states plaintiff's claim that he was prevented from filing court actions and grievances is not credible.

In a subsequent response, plaintiff again maintains that he was prevented from filing grievances while at the Varner Super Max Unit, that § 1983 does not have a statute of limitations provision, and that defendant is not entitled to qualified immunity.

As noted by defendant in her motion, although § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions. Wilson v. Garcia, supra. See also Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996). The relevant Arkansas limitations period is the three-year statute applicable to personal injury actions. Ark. Code Ann. 16-56-105. See also Morton v. City of Little Rock, 934 F.2d 180, 182-3 (8th Cir. 1991). In addition, the statute is tolled only if the plaintiff was under a disability at the time the action accrued, or if defendant acted to prevent plaintiff from commencing an action. See Ark. Code Ann. §§ 16-56-116, 16-56-120.

According to the undisputed facts as presented by the parties, plaintiff and defendant were involved in an incident in November, 2004, at which time defendant used mace against plaintiff. Plaintiff remained incarcerated at the Varner Super Max Unit until he was transferred to the Maximum Security Unit in March, 2008. Although plaintiff alleges he was prevented

by defendant from filing grievances about the incident until he was transferred to the Maximum Security Unit, he makes no specific allegations about his attempts to file an action or how her actions somehow thwarted those attempts. In addition, plaintiff offers no argument or evidence to dispute the evidence presented by defendant showing that in the three years following the incident at issue, while still incarcerated at the Varner Super Max Unit, he filed over one hundred grievances. Therefore, the Court finds no genuine issue of fact remains. In light of such, the Court finds plaintiff's action against defendant is barred by the statute of limitations, and should be dismissed with prejudice. In addition, any supplemental state law claim asserted against defendant is also dismissed. See 28 U.S.C. § 1367(c)(3). Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss (DE #15), which the Court construed as a motion for summary judgment, is hereby GRANTED, and plaintiff's complaint against defendant is dismissed with prejudice.[1]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any in forma pauperis appeal taken from an Order and Judgment dismissing this action is considered frivolous and not in good faith.

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 21st day of September, 2009.

```
                              _____Henry L. Jones, Jr._____
                              United States Magistrate Judge
```